1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAVIER PEREZ LOPEZ,

                Petitioner,

    v.

JOHN W. HAVILAND, Warden,

                Respondent.

_____/

1:09-cv-00525-DLB (HC)

ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION AND
DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS WITH PREJUDICE

[Doc. 17]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

RELEVANT HISTORY

Petitioner pled guilty to false imprisonment with the intent to evade arrest or to use the victim as a shield, making a criminal threat, and three counts of robbery.  On May 1, 2006, Petitioner was sentenced to a determinate term of 18 years-which included several sentencing enhancements.  (Lodged Doc. No. 1.)

On December 27, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment.  (Lodged Doc. No. 2.)  Petitioner did not seek review in the California Supreme Court.

Petitioner filed a pro se state post-conviction collateral petition in the California Supreme Court on December 11, 2007, which was denied on June 11, 2008.  (Lodged Doc. Nos. 3-4.)

1

1   Petitioner filed the instant federal petition for writ of habeas corpus on March 2, 2009.

2   (Court Doc. 1.)

3   Respondent filed the instant motion to dismiss the petition as untimely on May 29, 2009.

4   (Court Doc. 17.)  Petitioner did not file an opposition.

5   DISCUSSION

6   A.   Procedural Grounds for Motion to Dismiss

7   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

8   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

9   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

10   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

11   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

12   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

13   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

14   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

15   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

16   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

17   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

18   Supp. at 1194 & n. 12.

19   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

20   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

21   to dismiss pursuant to its authority under Rule 4.

22   B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

23   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

24   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

25   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

26   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

27   S.Ct. 586 (1997).  The instant petition was filed on March 2, 2009, and thus, it is subject to the

28   provisions of the AEDPA.

1    The AEDPA imposes a one year period of limitation on petitioners seeking to file a

2 federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

3 subdivision (d) reads:

4         (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
5         The limitation period shall run from the latest of –

6              (A) the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;

7

8              (B) the date on which the impediment to filing an application created by
         State action in violation of the Constitution or laws of the United States is
9         removed, if the applicant was prevented from filing by such State action;

10             (C) the date on which the constitutional right asserted was initially recognized
         by the Supreme Court, if the right has been newly recognized by the Supreme Court and
11         made retroactively applicable to cases on collateral review; or

12
              (D) the date on which the factual predicate of the claim or claims
13         presented could have been discovered through the exercise of due diligence.

14        (2) The time during which a properly filed application for State post-
         conviction or other collateral review with respect to the pertinent judgment or
15         claim is pending shall not be counted toward any period of limitation under this
         subsection.
16

17    In most cases, the limitation period begins running on the date that the petitioner's direct

18 review became final.  Here, the California Court of Appeal, Fifth Appellate District, affirmed the

19 judgment on December 27, 2006.  Petitioner did not file a petition for review in the California

20 Supreme Court.  Therefore, the state appeal process became "final" within the meaning of §

21 2244(d)(1)(A) when the time for filing a petition for review expired forty days later, on February

22 5, 2007.  California Rules of Court, rules 24 and 28[1]; Smith v. Duncan, 297 F.3d 809, 813 (9th

23 Cir. 2002).   The one year limitations period began on the following day, February 6, 2007, and

24 absent tolling, was set to expire on February 5, 2008.  See Patterson v. Stewart, 251 F.3d 1243,

25 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the

26 calculation of statutory tolling applicable to the one year limitations period.)

27

28
         [1] California Rules of Court, rules 24 and 28 have since been amended and renumbered 8.264 and 8.500.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

1.    *Expiration of Limitations Period Prior to Filing of First State Post-Conviction Petition*

At the time the first state petition was filed on December 11, 2007, three hundred and eight days of the initial one-year limitation period expired.[2]  (Lodged Doc. No. 3.)

2.    *Tolling During Pendency of First State Petition*

It is undisputed that Petitioner is entitled to tolling during the time the first state post-conviction petition was pending, i.e. December 11, 2007 through June 11, 2008.  (Lodged Doc. Nos. 3-4.)  See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (stating that the limitations period is tolled while "a properly filed application for state post-conviction or other collateral

---

[2] Respondent argues that Petitioner is not entitled the benefit of the mailbox rule for the filing of his state court petition because it was dated fourteen days prior to the date it was actually filed.  (Motion, at p.3 n.3.) Although Respondent raises an issue of fact of whether Petitioner is entitled to the benefit of the mailbox rule, even if it is resolved in favor of Petitioner, it does not render the petition timely.  This is so because the only two pertinent filings are the first and only state post-collateral petition (no proof of service but dated November 28, 2007) and instant federal petition (no proof of service date but dated February 23, 2009), which only add a total of twenty-one (21) days of additional tolling.  Therefore, the Court will utilize the date the documents were actually filed.

4

1   review with respect to the pertinent judgment or claim is pending.").

2           3.   *End of Limitations Period*

3           As previously stated, the statute of limitations commenced on February 6, 2007, and with

4   the benefit of 184 days of statutory tolling for the state habeas corpus petition, the limitations

5   period expired on August 7, 2008.  Petitioner did not file the instant federal petition until

6   approximately six months later on March 2, 2009, and it is untimely under § 2244(d).

7   D.   Equitable Tolling

8           The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

9   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

10  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

11  of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

12  (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert*

13  *denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

14  tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

15  Enters., 5 F.3d 391, 395 (9th Cir.1993).

            Petitioner has raised no argument to demonstrate entitlement to equitably tolling.

16

17                                          ORDER

18          Based on the foregoing, it is HEREBY ORDERED that:

19          1.   Respondent's motion to dismiss the petition is GRANTED; and,

20          2.   The instant petition is DISMISSED with prejudice as untimely.

21

22          IT IS SO ORDERED.

23      Dated:   __July 14, 2009__            _____/s/ **Dennis L. Beck**_____
                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28